CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 2 8 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| STEVEN A. McCARTHY, | ) |
| | ) Civil Action No. 5:08CV00106 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:   Hon. Glen E. Conrad |
| | )          United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Steven A. McCarthy, was born on September 6, 1956, and eventually completed his high school education. Mr. McCarthy has worked as a warehouseman, assembler, nurseryman, delivery man, poultry plant laborer, drywall finisher, and handyman. He last worked on a regular and sustained basis in 1999. On January 31, 2002, Mr. McCarthy filed applications for disability insurance benefits and supplemental security income benefits. Earlier applications for such

benefits had proven unsuccessful. In filing for benefits in 2002, plaintiff alleged that he became disabled for all forms of substantial gainful employment on November 14, 2000 due to foot and back pain; peroneal neuropathy; disc degeneration in the lumbar spine; and disc bulging in the lumbar spine. Plaintiff now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the first quarter of 2004, but not thereafter. Consequently, Mr. McCarthy is entitled to a period of disability and disability insurance benefits only if he has established that he was disabled for all forms of substantial gainful employment on or before March 31, 2004. See gen., 42 U.S.C. § 423.

Mr. McCarthy's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 4, 2003, the Law Judge also concluded that plaintiff is not disabled. In his opinion, the Law Judge noted that plaintiff has a history of problems associated with a partial amputation of his left foot, as well as musculoskeletal difficulties in the lower back and some degree of peripheral neuropathy. Because of these impairments, the Law Judge ruled that Mr. McCarthy is disabled for all of his past relevant work roles. However, the Law Judge determined that plaintiff retains sufficient functional capacity for less than a full range of sedentary exertion. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mr. McCarthy possesses sufficient functional capacity for several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to benefits under either federal program. See,

gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. McCarthy then appealed to this court.

By memorandum opinion and order entered May 11, 2005, the court remanded the case to the Commissioner for further development and consideration. The court noted that one of plaintiff's treating physicians, Dr. Nando Visvalingam, a neurologist, had produced reports indicating that plaintiff is totally disabled. Dr. Visvalingam interpreted an MRI study to indicate that Mr. McCarthy's musculoskeletal problems meet or equal an impairment listed under Rule 1.04(A), of Appendix I to Subpart P of the Administrative Regulations Part 404. The Law Judge rejected the treating physician's opinion that Mr. McCarthy suffers from a listed impairment. However, after noting that no medical consultant, state agency physician, or medical advisor was asked to consider whether the MRI study report demonstrated the existence of a listed impairment, the court ruled that the Law Judge's decision was not supported by substantial evidence, and remanded the case to the Commissioner to obtain medical opinion by a medical consultant in deciding whether Mr. McCarthy's physical problems meet or equal a listed impairment, as contemplated under 20 C.F.R. §§ 404.1526(b) and 416.926(b). Upon receipt of the court's order of remand, the Social Security Administration's Appeals Council remanded the case to the same Administrative Law Judge for the conduct of additional proceedings and the submission of a new hearing decision.[1]

---

[1] In his recitation of the history of this case, the Administrative Law Judge notes that plaintiff apparently filed a new set of applications for benefits during the adjudication of the claims which are currently before the court. (TR 319). Apparently, the Appeals Council intended for the Law Judge to consolidate this newest set of claims with those remanded by the court to the Commissioner.

3

The Administrative Law Judge conducted a supplemental administrative hearing on April 12, 2006. In addition to Mr. McCarthy, a medical advisor and vocational expert testified at the hearing. The Administrative Law Judge produced an opinion and decision on April 28, 2006. The Law Judge found that Mr. McCarthy suffers from "impairments affecting his foot and impairments affecting his lower back." (TR 322). Relying on the testimony of the medical advisor, the Law Judge concluded that Mr. McCarthy does not suffer from an impairment which meets or equals a listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404.[2] The Law Judge then undertook to consider plaintiff's claims under the remaining steps of the sequential disability analysis set forth under 20 C.F.R. §§ 404.1520 and 416.920. Under step four of the analysis, the Law Judge ruled that Mr. McCarthy's impairments render him disabled for all of his past relevant work roles. For purposes of the fifth and final step of the sequential analysis, the Law Judge found that plaintiff retains sufficient functional capacity for a limited range of sedentary exertion. The Law Judge stated as follows:

> After careful consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to lift up to 10 pounds occasionally and a lesser amount frequently, he can perform only work allowing him the option to sit or stand as needed for comfort and the option to alternate between these positions, and he is unable to use his left leg to operate foot pedals.

(TR 322). In making this finding, the Law Judge explicitly rejected plaintiff's testimony to the effect that his constant pain prevents performance of any work role on a sustained basis, regardless of the physical position in which it is performed. (TR 323). Given a residual functional capacity for a

---

[2] Under 20 C.F.R. §§ 404.1520(d) and 416.926(d), it is provided that if a claimant suffers from an impairment, or combination of impairments, which meets or equals an impairment listed under Appendix I to Subpart P of the Administrative Regulations Part 404, the claimant will be found disabled without consideration of factors such as age, education, and prior work experience.

4

limited range of sedentary exertion, and after considering Mr. McCarthy's age, education, and prior work experience, as well as testimony of a vocational expert[3], the Law Judge ruled that plaintiff retained sufficient functional capacity to perform several specific sedentary work roles at all relevant times both before and after termination of insured status on March 31, 2004. Accordingly, the Law Judge once again concluded that Mr. McCarthy is not disabled, and that he is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having again exhausted all available administrative remedies, Mr. McCarthy has filed a new appeal to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. McCarthy has a history of partial traumatic amputation of the left foot, musculoskeletal difficulties involving the lumbar spine,

---

[3] The Law Judge made reference to the testimony of a vocational expert who appeared at the original administrative hearing.

5

including disc herniation and arthritis with foraminal encroachment at the L5 level compressing the nerve root and resulting in radiculopathy, and peripheral neuropathy. On this occasion, based on the testimony of the medical advisor at the supplemental administrative hearing, the court believes that there is substantial evidence to support the Law Judge's opinion that plaintiff has failed to establish that his physical impairments, considered singly or in combination, are so severe as to meet or equal any of the listings under Appendix I to Subpart P. However, the court does not believe that the evidence supports the Law Judge's denial of plaintiff's claim under the fifth and final step of the sequential disability analysis. Specifically, given the objective medical evidence in this case, as interpreted by the medical advisor, the Law Judge's conclusions as to the import of that evidence, and the testimony of the vocational expert, the court concludes that Mr. McCarthy has met the burden of proof in establishing that his subjective discomfort is so severe as to prevent performance of the limited range of sedentary work roles for which he may otherwise be physically capable.

Stated succinctly, this is a pain case. Mr. McCarthy alleges that he is greatly limited by the amputation of a portion of his left foot, and that his back pain and other physical difficulties prevent performance of the less strenuous forms of work activity which he might otherwise perform despite his left foot deformity. At the supplemental administrative hearing, the Law Judge questioned Mr. McCarthy about his capacity to perform sedentary work roles in which he is permitted to sit or stand. When asked if he could work as a dispatcher for a trucking company, Mr. McCarthy answered in the negative. (TR 712). He testified that he suffers from back pain even while he is sitting, and that his pain is constant. TR 712-13). He testified that he is distracted because of pain shooting across his back. (TR 713). Plaintiff testified that he is unable to watch a football game on any sustained basis, and that he frequently stands up and sits down. (TR 714). Mr. McCarthy testified that he is no

6

longer able to drive. (TR 715). He related that his back was hurting at the time of the hearing. (TR 715). He sometimes has suicidal thoughts. (TR 716). He is unable to stand and wash dishes for more than about five minutes. (TR 718).

As previously noted, the Law Judge relied on the testimony of the medical advisor, Dr. Kenneth Cloninger, in determining that Mr. McCarthy does not suffer from a listed impairment. Without question, Dr. Cloninger testified that the existing medical record does not support the existence of a listed musculoskeletal impairment. Dr. Cloninger explained that some of the testing necessary to establish the existence of a listed impairment is impossible in Mr. McCarthy's case because of the partial amputation of the left foot. (TR 701). Dr. Cloninger testified that the most limiting factor in plaintiff's case is pain, and that the pain is corroborated by notations of dysesthesia in the area impacted by the L5 radiculopathy.[4] (TR 699-700). Dr. Cloninger noted that discomfort associated with radiculopathy "might be severe discomfort." (TR 700). Because of the inability to properly test the affected extremity, Dr. Cloninger observed that this is a "situation where you would be more relying on the patient's ability to tell you what's going on than it is the doctor to be able to find out what's going on with a physical examination." (TR 704). Dr. Cloninger observed that because of stump complications and general foot deformity, Mr. McCarthy is unable to successfully employ a prosthetic device. (TR 704-05). The hearing transcript goes on to reveal the following exchange between the Administrative Law Judge and the medical advisor:

---

[4] Dysesthesia is defined as distortion of any sense, especially of that of touch; an unpleasant abnormal sensation produced by normal stimuli. Dorland's Illustrated Medical Dictionary 574 (30th ed. 2003).

7

| | |
|---|---|
| Q [ALJ]: | In reading just the record and not be in a position to examine the patient could you reach a reasonable conclusion as to whether or not this individual described in the records as augmented with the reading I did from the new records today that this person could sustain themselves into an eight-hour workday whether essentially sitting or occasionally standing for most of that eight-hour day? |
| A [MA]: | Judge, I think it would be difficult for him. Again, you know [inaudible] is a hell of a lot important to most people and that would be for me but I think it'd be difficult for him frankly. |

(TR 705-06). When pressed by the Administrative Law Judge, Dr. Cloninger went on to indicate that while Mr. McCarthy seems to have a significant amount of pain, <u>if his pain is under control</u>, he could probably sit for a significant period of time. (TR 706).

Paula Day appeared at the supplemental administrative hearing as a vocational expert. Ms. Day was only asked to define sedentary work from a vocational standpoint. (TR 708). At the earlier administrative hearing, conducted before the same Administrative Law Judge, another vocational expert, Robert Jackson, testified that if plaintiff's subjective complaints are fully credited, Mr. McCarthy would be unable to engage in any form of sustained work activity. (TR 298-99).

In his opinion denying benefits, the Administrative Law Judge considered the issue of plaintiff's subjective limitations. After summarizing Mr. McCarthy's testimony, the Law Judge stated as follows:

> After considering the evidence of record, the <u>Administrative Law Judge finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, in type, although not necessarily in degree.</u> Cf. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996)(In this case, the U. S. Court of Appeals for the Fourth Circuit made clear that the presence or absence of objective findings must be weighed along with the subjective evidence in deciding if a claimant has an impairment reasonably expected to result in the symptoms alleged.) <u>The claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credited</u>. (Emphasis in original).

(TR 323).

The court is unable to conclude that the Administrative Law Judge's treatment of Mr. McCarthy's pain issues is consistent with the protocol adopted by the United States Court of Appeals for the Fourth Circuit for consideration of such matters. The case of Craig v. Chater, 76 F.3d 585 (4th Cir. 1996) is commonly cited as setting forth the appropriate standard for review of social security pain cases. In Craig, the Court commented as follows:

> Interpreting section 423(d)(5)(A), this court held that in order for pain to be found disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). However, while a claimant must show by objective evidence the existence of an underlying impairment that could cause the pain alleged, "there need not be objective evidence of the pain itself." Id. (quoting Green v. Schweiker, 749 F.2d 1066, 1070-71 (3d Cir. 1984)); accord Jenkins v. Sullivan, 906 F.2d 107, 108 (4th Cir. 1990) (explaining that § 423(d)(5)(A) requires "a claimant to show objective medical evidence of some condition that could reasonably be expected to produce the pain alleged, not objective evidence of the pain itself"); Hyatt III, 899 F.2d at 332 (stating that § 423(d)(5)(A) "requires objective medical evidence of an underlying condition that could reasonably produce the pain alleged"); Hatcher v. Secretary, Dept. of Health & Human Serv., 898 F.2d 21, 24 (4th Cir. 1989) ("[Section 423(d)(5)(A)] . . . requires medical evidence of an impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"); Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989) ("[W]hile there must be medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity."); Gross, 785 F.2d at 1166 (upholding denial of benefits where evidence failed to show any abnormality which would explain claimant's pains). <u>Under these cases, once objective medical evidence establishes a condition which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain, such as heat, swelling, redness, and effusion.</u> See Jenkins, 906 F.2d at 109. (Emphasis added).

76 F.3d at 592-93 (footnote omitted).

The Fourth Circuit applied its standard for the adjudication of pain cases in the more recent case of Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006):

9

Case 5:08-cv-00106-GEC   Document 22   Filed 09/28/09   Page 9 of 12   Pageid#: 73

> The record in this case demonstrates that Mr. Hines complied with the two step process mandated by Fourth Circuit precedent and the resulting regulations. See Mickles, 29 F.3d at 925 (Luttig, J., concurring). There is no dispute that Mr. Hines suffers from SCD. The blood work that Dr. Jeon used to diagnose his patient's condition provides the required objective evidence of a medical condition which would cause pain. There is also no dispute that SCD causes the type of chronic pain from which Mr. Hines suffers. In fact, medical science recognizes that SCD can cause bouts of severe acute pain as it progresses.
>
> <u>Having met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, Mr. Hines was entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that his pain is so continuous and/or so severe that it prevents him from working a full eight hour day. Mr. Hines did so by testifying that his illness and the resulting fatigue require him to lie down "half a day."</u> (Emphasis added).

453 F.3d at 565 (footnotes omitted).

In the instant case, the court sympathizes with the Administrative Law Judge's difficulty in obtaining unambiguous responses from the medical advisor who testified at the supplemental administrative hearing. However, the court interprets the medical advisor's testimony to indicate that Mr. McCarthy suffers from severe physical impairments of the musculoskeletal system which could be expected to cause the severe pain of which plaintiff has consistently complained. The medical advisor noted objective evidence of disc problems with nerve impingement and radiculopathy. The medical advisor described manifestations consistent with the existence of physical problems which could be expected to cause severe pain. While the medical advisor conceded that a person with such physical problems might be able to sit for a significant period of time, he conditioned his response on the requirement that the pain be under control. (TR 706). The only vocational expert who has offered testimony specifically relevant to Mr. McCarthy's situation has opined that, if plaintiff's complaints of pain are fully credited, he would be unable to engage in any sustained work activity. In his opinion, the Administrative Law Judge explicitly found that the

10

claimant's medically determinable impairments could be expected to produce the symptoms as alleged by Mr. McCarthy in his testimony. Thus, under the Craig analysis, the plaintiff has established that he suffers from physical problems which are consistent with his subjective complaints and that his subjective manifestations are so severe as to prevent sustained performance of the work activities for which he may otherwise be physically capable. The court concludes that Mr. McCarthy has met the burden in establishing total disability for all forms of substantial gainful activity. It follows that Mr. McCarthy has met the burden of proof in establishing entitlement to a period of disability.

Mr. McCarthy's earnings records indicate that his last work-related income was in the third quarter of 2000. (Tr 73). His medical records reflect that his physicians first found it necessary to refer him for musculoskeletal treatment by a specialist in November of 2001. Given these circumstances, the court concludes that Mr. McCarthy has met the burden of proof in establishing that he became disabled for all forms of substantial gainful employment as of November 16, 2001.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must, therefore, be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to disability insurance benefits, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed, and the case remanded for the establishment of proper benefits. The Commissioner's final decision denying entitlement to supplemental security income benefits will also be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirement under that benefit program,

11

the court must remand the case for an appropriate determination. An order and judgment in conformity will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER this 28th day of September, 2009.

*/s/ Glen Conrad*
United States District Judge